NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Litigation Counsel, National Security Division
MELANIE SARTORIS (Cal. Bar No. 217560)
Assistant United States Attorney
Terrorism and Export Crimes Section
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorney
Terrorism and Export Crimes Section
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7280/5615/7407/0759
    Facsimile: (213) 894-2927
    E-mail:   judith.heinz@usdoj.gov
               melanie.sartoris@usdoj.gov
               william.rollins@usdoj.gov
               khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATE OF AMERICA, | No. CR 18-50(C)-JAK |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT KIET ANH MAI |
|        v. | |
| YI-CHI SHIH,<br>  aka "Yichi Shih,"<br>  aka "Yugi Shi,"<br>ISHIANG SHIH,<br>  aka "I-Shiang Shih," and<br>KIET ANH MAI,<br>  et al., | |
|     Defendants. | |

1     1.    This constitutes the plea agreement between KIET ANH MAI

2  ("defendant") and the United States Attorney's Office for the Central

3  District of California ("the USAO") in the above-captioned case.

4  This agreement is limited to the USAO and cannot bind any other

5  federal, state, local, or foreign prosecuting, enforcement,

6  administrative, or regulatory authorities.

7                        **DEFENDANT'S OBLIGATIONS**

8     2.    Defendant agrees to:

9          a.    Give up the right to indictment by a grand jury and,

10  at the earliest opportunity requested by the USAO and provided by the

11  Court, appear and plead guilty to a one-count information in the form

12  attached to this agreement as Exhibit A or a substantially similar

13  form, which charges defendant with Smuggling Goods From the United

14  States in violation of 18 U.S.C. § 554.

15          b.    Not contest facts agreed to in this agreement.

16          c.    Abide by all agreements regarding sentencing contained

17  in this agreement.

18          d.    Appear for all court appearances, surrender as ordered

19  for service of sentence, obey all conditions of any bond, and obey

20  any other ongoing court order in this matter.

21          e.    Not commit any crime; however, offenses that would be

22  excluded for sentencing purposes under United States Sentencing

23  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

24  within the scope of this agreement.

25          f.    Be truthful at all times with Pretrial Services, the

26  United States Probation Office, and the Court.

27          g.    Pay the applicable special assessment at or before the

28  time of sentencing unless defendant lacks the ability to pay and

1  prior to sentencing submits a completed financial statement on a form

2  to be provided by the USAO.

3      3.    Defendant further agrees to cooperate fully with the USAO,

4  the Federal Bureau of Investigation, and, as directed by the USAO,

5  any other federal, state, local, or foreign prosecuting, enforcement,

6  administrative, or regulatory authority.  This cooperation requires

7  defendant to:

8          a.    Respond truthfully and completely to all questions

9  that may be put to defendant, whether in interviews, before a grand

10 jury, or at any trial or other court proceeding.

11         b.    Attend all meetings, grand jury sessions, trials or

12 other proceedings at which defendant's presence is requested by the

13 USAO or compelled by subpoena or court order.

14         c.    Produce voluntarily all non-privileged documents,

15 records, or other tangible evidence relating to matters about which

16 the USAO, or its designee, inquires.

17     4.    For purposes of this agreement: (1) "Cooperation

18 Information" shall mean any statements made, or documents, records,

19 tangible evidence, or other information provided, by defendant

20 pursuant to defendant's cooperation under this agreement; and

21 (2) "Plea Information" shall mean any statements made by defendant,

22 under oath, at the guilty plea hearing and the agreed to factual

23 basis statement in this agreement.

24                       **THE USAO'S OBLIGATIONS**

25     5.    The USAO agrees to:

26         a.    Not contest facts agreed to in this agreement.

27         b.    Abide by all agreements regarding sentencing contained

28 in this agreement.

c.    At the time of sentencing, move to dismiss the indictment, first superseding indictment, and second superseding indictment as against defendant.

d.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of federal law arising out of defendant's conduct as alleged in the indictment, first superseding indictment, and second superseding indictment.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that he is on notice that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

e.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

6.    The USAO further agrees:

a.    Not to offer as evidence in its case-in-chief against defendant in the above-captioned case or any other criminal prosecution that may be brought against defendant by the USAO, or in connection with any sentencing proceeding in any criminal case that

4

1  may be brought against defendant by the USAO, any Cooperation
2  Information.  Defendant agrees, however, that the USAO may use both
3  Cooperation Information and Plea Information: (1) to obtain and
4  pursue leads to other evidence, which evidence may be used for any
5  purpose, including any criminal prosecution of defendant; (2) to
6  cross-examine defendant should defendant testify, or to rebut any
7  evidence offered, or argument or representation made, by defendant,
8  defendant's counsel, or a witness called by defendant in any trial,
9  sentencing hearing, or other court proceeding; and (3) in any
10  criminal prosecution of defendant for false statement, obstruction of
11  justice, or perjury.

12            b.    Not to use Cooperation Information against defendant
13  at sentencing for the purpose of determining the applicable guideline
14  range, including the appropriateness of an upward departure, or the
15  sentence to be imposed, and to recommend to the Court that
16  Cooperation Information not be used in determining the applicable
17  guideline range or the sentence to be imposed.  Defendant
18  understands, however, that Cooperation Information will be disclosed
19  to the probation office and the Court, and that the Court may use
20  Cooperation Information for the purposes set forth in U.S.S.G
21  § 1B1.8(b) and for determining the sentence to be imposed.

22            c.    In connection with defendant's sentencing, to bring to
23  the Court's attention the nature and extent of defendant's
24  cooperation.

25            d.    If the USAO determines, in its exclusive judgment,
26  that defendant has both complied with defendant's obligations under
27  paragraphs 2 and 3 above and provided substantial assistance to law
28  enforcement in the prosecution or investigation of another

("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline range below that otherwise dictated by the sentencing guidelines, and to recommend a term of imprisonment within this reduced range.

### DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

7.   Defendant understands the following:

a.   Any knowingly false or misleading statement by defendant will subject defendant to prosecution for false statement, obstruction of justice, and perjury and will constitute a breach by defendant of this agreement.

b.   Nothing in this agreement requires the USAO or any other prosecuting, enforcement, administrative, or regulatory authority to accept any cooperation or assistance that defendant may offer, or to use it in any particular way.

c.   Defendant cannot withdraw defendant's guilty plea if the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a reduced guideline range or if the USAO makes such a motion and the Court does not grant it or if the Court grants such a USAO motion but elects to sentence above the reduced range.

d.   At this time the USAO makes no agreement or representation as to whether any cooperation that defendant has provided or intends to provide constitutes or will constitute substantial assistance.  The decision whether defendant has provided substantial assistance will rest solely within the exclusive judgment of the USAO.

e.   The USAO's determination whether defendant has provided substantial assistance will not depend in any way on whether the government prevails at any trial or court hearing in which

defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.

## NATURE OF THE OFFENSE

8.   Defendant understands that for defendant to be guilty of the crime charged in the one-count information, that is, Smuggling Goods From the United States in violation of 18 U.S.C. § 554, the following must be true:

First, defendant knowingly or fraudulently exported or sent from the United States merchandise, or received, concealed, bought, sold or in any manner facilitated the transportation, concealment, or sale of such merchandise prior to exportation, knowing the same to be intended for exportation; and

Second, the exportation or sending was contrary to Title 13, United States Code, Section 305(a)(1) and Title 15, Code of Federal Regulations, Sections 30.2(e), 30.71(a), and 758.1; and

Third, defendant knew the exportation or sending was contrary to law or regulation.

"Merchandise" means objects, items, goods, and wares of every description.

## PENALTIES

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 554 is:  10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

7

to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration

1  consequences will not serve as grounds to withdraw defendant's guilty
2  plea.

3                                **FACTUAL BASIS**

4      13.   Defendant admits that defendant is, in fact, guilty of the
5  offense to which defendant is agreeing to plead guilty.  Defendant
6  and the USAO agree to the statement of facts provided below and agree
7  that this statement of facts is sufficient to support a plea of
8  guilty to the charge described in this agreement and to establish the
9  Sentencing Guidelines factors set forth in paragraph 15 below but is
10 not meant to be a complete recitation of all facts relevant to the
11 underlying criminal conduct or all facts known to either party that
12 relate to that conduct.

13     Between on or about May 21, 2012, through on or about September
14 24, 2012, in Los Angeles County, within the Central District of
15 California, and elsewhere, defendant agreed with Yi-Chi Shih ("Shih")
16 that defendant would purchase and receive multiple connectors and
17 custom cable assemblies that were needed by co-defendant Shih's
18 friend's company.  Shih initially provided drawings to defendant of
19 the custom connectors and cable assemblies, suggested that defendant
20 obtain them from United States and United Kingdom manufacturers, and
21 stated that the business was worth more than half a million dollars.
22 Shih also cautioned defendant not to let the manufacturers know that
23 Shih had provided him with the drawings.  Shih also provided to
24 defendant spreadsheets listing the types, quantities, and costs of
25 the connectors and cable assemblies; some of the information on the
26 spreadsheets was in the Chinese language.

27     In April and May 2012, defendant requested and received from a
28 U.S. Company ballpark pricing for certain connectors; defendant told

the U.S. Company that he was an engineer with MicroEx Engineering, which defendant described as a design consultant firm working on a possible new program.  Defendant shared his communications with the U.S. Company with Shih.  In May 2012, Shih advised defendant that the customer wanted samples of the custom connectors and cable assemblies, and asked defendant to place orders for the items and complete a W-9 form (Request for Taxpayer Identification Number and Certification).  Defendant sent Shih a completed W-9 form, showing the taxpayer as l2kontemporary dba MicroEx Engineering, located at an address in Los Angeles, California.  During May 2012, defendant discussed further revisions to the custom designs prepared by the U.S. Company; Shih advised defendant the customer's engineer would review the revisions.  On or about May 21, 2012, defendant sent a MicroEx Engineering purchase order to the U.S. Company for multiple connectors the total cost of which was $7,326.63.  On or about June 12, 2012, defendant sent a MicroEx Engineering purchase order to the U.S. Company for multiple custom connectors the total cost of which was $2,328.20.  On or about June 14, 2012, a U.S. Distributor shipped to defendant connectors made by a United Kingdom manufacturer and related tools, valued at $421.75.  On or about July 3, 2012, the U.S. Company shipped to defendant the multiple connectors, valued at $7,326.63.  Defendant reported to Shih that he had received the first delivery of the U.S. Company parts, and asked Shih if he would be back to California soon.  Shih responded, asking defendant for more information about defendant's ideas about the cables so that he could discuss this with the customer "here," and stating that he would be back by the end of September.  Defendant responded by sending Shih more designs for the cables.  On or about August 7, 2012, the U.S.

1  Company shipped to defendant the custom connectors, valued at
2  $2,328.20.

3      In September 12, 2012, Shih advised defendant that "[o]ur
4  customer here has a[n] urgent need for the connectors," and asked
5  defendant to send all the connectors and assembly tool to I-Shiang
6  Shih at an address in Chengdu, China.  On September 24, 2012,
7  defendant shipped all of the parts he had received from the U.S.
8  Company and the U.S. Distributor, having a total value of $10,076.58,
9  to I-Shiang Shih, at the address in Chengdu, China.  At the time
10 defendant shipped the parts, he completed a United States Postal
11 Service Customs Declaration and Dispatch Note ("Customs
12 Declaration"), on which he stated that the "total value" of the
13 shipment was $500.  Defendant signed the Custom Declaration beneath
14 the statement, "I certify the particulars given in this customs
15 declaration are correct. . . . I have met all applicable export
16 filing requirements under the Foreign Trade Regulations."  Defendant
17 knew when he signed the Customs Declaration that the information he
18 provided on the declaration about the value of the shipment was
19 false, and was aware of a high probability that he had not met all of
20 the applicable export filing requirements because he had not filed,
21 and did not intend to file, an Electronic Export Information through
22 the Automated Export System, and deliberately avoided learning the
23 truth.  On the same date, September 24, 2012, defendant informed Shih
24 that he had shipped the parts, and provided the tracking number for
25 the shipment.  On October 3, 2012, defendant sent a MicroEx
26 Engineering invoice to Shih that included the parts, valued at
27 $10,076.58, defendant had shipped to Shih on September 24, 2012.  In
28 October 2012, defendant received payment from Shih for the parts

11

valued at $10,076.58.   In December 2012, defendant asked Shih if Shih had a resale permit for the payment he made to defendant for the parts.

Defendant acted knowingly when he facilitated the transportation and sale of the parts, valued at $10,076.58, and was aware of a high probability and deliberately avoided learning the truth that they would be intended for exportation contrary to the laws and regulations of the United States.   Defendant acted knowingly when, on September 24, 2012, he exported and sent the shipment valued at $10,076.58 to China, and was aware of a high probability and deliberately avoided learning the truth that his action was contrary to the laws and regulations of the United States.   Defendant acted knowingly when he failed to file, with respect to the September 24, 2012 shipment, an Electronic Export Information ("EEI") through the Automated Export System and was aware of a high probability and deliberately avoided learning the truth that his failure to file the EEI was unlawful.

### SENTENCING FACTORS

14.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of conviction.

15.    Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level-Count One: 14    USSG § 2M5.1(a)(2)

Defendant and the USAO reserve the right to argue that additional adjustments and departures under the Sentencing Guidelines are appropriate.   Specifically, defendant reserves the right to argue that a downward adjustment for minor role under USSC § 3B1.2(b) applies.

16.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).   If the total sentencing guideline range falls within zones A or B, the government agrees not to oppose a non-custodial sentence.   The government agrees to take no position on whether a fine should be imposed.

## WAIVER OF CONSTITUTIONAL RIGHTS

18.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel – and if necessary have the court appoint counsel – at trial.   Defendant understands, however, that, defendant retains the right to be

13

1   represented by counsel – and if necessary have the court appoint

2   counsel – at every other stage of the proceeding.

3           d.    The right to be presumed innocent and to have the

4   burden of proof placed on the government to prove defendant guilty

5   beyond a reasonable doubt.

6           e.    The right to confront and cross-examine witnesses

7   against defendant.

8           f.    The right to testify and to present evidence in

9   opposition to the charges, including the right to compel the

10  attendance of witnesses to testify.

11          g.    The right not to be compelled to testify, and, if

12  defendant chose not to testify or present evidence, to have that

13  choice not be used against defendant.

14          h.    Any and all rights to pursue any affirmative defenses,

15  Fourth Amendment or Fifth Amendment claims, and other pretrial

16  motions that have been filed or could be filed.

17                    **WAIVER OF STATUTE OF LIMITATIONS**

18      19.    Having been fully advised by defendant's attorney regarding

19  application of the statute of limitations to the offense to which

20  defendant is pleading guilty, defendant hereby knowingly,

21  voluntarily, and intelligently waives, relinquishes, and gives up:

22  (a) any right that defendant might have not to be prosecuted for the

23  offense to which defendant is pleading guilty because of the

24  expiration of the statute of limitations for that offense prior to

25  the filing of the information alleging that offense; and (b) any

26  defense, claim, or argument defendant could raise or assert that

27  prosecution of the offense to which defendant is pleading guilty is

28

                                    14

barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

## WAIVER OF APPEAL OF CONVICTION

20. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible; and (c) should the USAO

15

1  choose to pursue any charge that was either dismissed or not filed as
2  a result of this agreement, then (i) any applicable statute of
3  limitations will be tolled between the date of defendant's signing of
4  this agreement and the filing commencing any such action; and
5  (ii) defendant waives and gives up all defenses based on the statute
6  of limitations, any claim of pre-indictment delay, or any speedy
7  trial claim with respect to any such action, except to the extent
8  that such defenses existed as of the date of defendant's signing this
9  agreement.

10                    **RESULT OF VACATUR, REVERSAL OR SET-ASIDE**

11       22.  Defendant agrees that if the count of conviction is
12  vacated, reversed, or set aside, both the USAO and defendant will be
13  released from all their obligations under this agreement.

14                       **EFFECTIVE DATE OF AGREEMENT**

15       23.  This agreement is effective upon signature and execution of
16  all required certifications by defendant, defendant's counsel, and an
17  Assistant United States Attorney.

18                          **BREACH OF AGREEMENT**

19       24.  Defendant agrees that if defendant, at any time after the
20  signature of this agreement and execution of all required
21  certifications by defendant, defendant's counsel, and an Assistant
22  United States Attorney, knowingly violates or fails to perform any of
23  defendant's obligations under this agreement ("a breach"), the USAO
24  may declare this agreement breached.  For example, if defendant
25  knowingly, in an interview, before a grand jury, or at trial, falsely
26  accuses another person of criminal conduct or falsely minimizes
27  defendant's own role, or the role of another, in criminal conduct,
28  defendant will have breached this agreement.  All of defendant's

obligations are material, a single breach of this agreement is
sufficient for the USAO to declare a breach, and defendant shall not
be deemed to have cured a breach without the express agreement of the
USAO in writing.  If the USAO declares this agreement breached, and
the Court finds such a breach to have occurred, then:

     a.   If defendant has previously entered a guilty plea
pursuant to this agreement, defendant will not be able to withdraw
the guilty plea.

     b.   The USAO will be relieved of all its obligations under
this agreement; in particular, the USAO: (i) will no longer be bound
by any agreements concerning sentencing and will be free to seek any
sentence up to the statutory maximum for the crime to which defendant
has pleaded guilty; (ii) will no longer be bound by any agreements
regarding criminal prosecution, and will be free to criminally
prosecute defendant for any crime, including charges that the USAO
would otherwise have been obligated to dismiss pursuant to this
agreement]; and (iii) will no longer be bound by any agreement
regarding the use of Cooperation Information and will be free to use
any Cooperation Information in any way in any investigation, criminal
prosecution, or civil, administrative, or regulatory action.

     c.   The USAO will be free to criminally prosecute
defendant for false statement, obstruction of justice, and perjury
based on any knowingly false or misleading statement by defendant.

     d.   In any investigation, criminal prosecution, or civil,
administrative, or regulatory action: (i) defendant will not assert,
and hereby waives and gives up, any claim that any Cooperation
Information was obtained in violation of the Fifth Amendment
privilege against compelled self-incrimination; and (ii) defendant

17

agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any Cooperation Information or any Plea Information should be suppressed or is inadmissible.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## COURT AND PROBATION OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

18

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea[s], and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

**NO ADDITIONAL AGREEMENTS**

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO

1    and defendant or defendant's attorney, and that no additional

2    promise, understanding, or agreement may be entered into unless in a

3    writing signed by all parties or on the record in court.

4    <u>**PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**</u>

5        30.   The parties agree that this agreement will be considered

6    part of the record of defendant's guilty plea hearing as if the

7    entire agreement had been read into the record of the proceeding.

8    AGREED AND ACCEPTED

9    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
10   CALIFORNIA

11   NICOLA T. HANNA
     United States Attorney

12

13   _____          11 / 21 / 18
     JUDITH A. HEINZ                       Date
14   Assistant United States Attorney

15   _____          11 / 21 / 18
     KIET ANH MAI                         Date
16   Defendant

17                                        11 / 21 / 18
     _____          Date
18   JOHN L. LITTRELL
     Attorney for Defendant KIET ANH
19   MAI

20              **CERTIFICATION OF DEFENDANT**

21        I have read this agreement in its entirety.  I have had enough

22   time to review and consider this agreement, and I have carefully and

23   thoroughly discussed every part of it with my attorney.  I understand

24   the terms of this agreement, and I voluntarily agree to those terms.

25   I have discussed the evidence with my attorney, and my attorney has

26   advised me of my rights, of possible pretrial motions that might be

27   filed, of possible defenses that might be asserted either prior to or

28   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

                              20

of relevant Sentencing Guidelines provisions, and of the consequences
of entering into this agreement.  No promises, inducements, or
representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          11/21/18
KIET AHN MAI                             Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

     I am KIET ANH MAI's attorney.  I have carefully and thoroughly
discussed every part of this agreement with my client.  Further, I
have fully advised my client of his rights, of possible pretrial
motions that might be filed, of possible defenses that might be
asserted either prior to or at trial, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
//
//

21

1   forth in this agreement is sufficient to support my client's entry of

2   a guilty plea pursuant to this agreement.

3

4   _____          11/21/18
    JOHN L. LITTRELL                         _____
5   Attorney for Defendant KIET ANH          Date
    MAI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22