SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
John Hanusz (SBN 277367)
Christa L. Culver Wasserman (SBN 289128)
1990 South Bundy Drive, Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
jspertus@spertuslaw.com
jhanusz@spertuslaw.com
cwasserman@spertuslaw.com

Attorneys for Defendant
YI-CHI SHIH, PH.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YI-CHI SHIH, PH.D.,<br>ISHIANG SHIH, PH.D., and<br>KIET MAI,<br><br>Defendants. | Case No. CR 18-00050-JAK<br><br>**RESPONSE IN OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 3 TO ADMIT CERTIFIED AND SELF-AUTHENTICATING BUSINESS AND GOVERNMENT RECORDS AT TRIAL** |

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

**RESPONSE IN OPPOSITION TO MOTION IN LIMINE NO. 3**

## I.    INTRODUCTION

In its motion, the government seeks a pretrial ruling on the admissibility of 1.4 million pages of records[1] without (1) providing the records to the Court, or (2) specifying which of the 1.4 million pages it intends to introduce at trial. Although the defense stands ready to stipulate to the authenticity of records (assuming no other objections), the government is confusing authenticity with admissibility and the motion must be denied on that basis.  Records do not become admissible simply because they are authentic.  For example, as set forth more fully below, e-mail communications are hearsay and are not "business records" under Federal Rule of Evidence 803(6), which makes them inadmissible unless (1) a hearsay exception applies, and (2) they are not excludable under Federal Rules of Evidence 401, 402 and 403.  Without a stipulation to admissibility, the Court will have to review each document to determine whether it is admissible, regardless of whether the document is authentic, and, when a document contains multiple layers of hearsay, the Court's inquiry will necessarily have to include a determination of whether there is a hearsay exception for each level of hearsay.  This is not an easy task for either the Court or the defense, which is why the defense did everything possible to try to evaluate these issues in advance of trial.[2]

---

[1] In the motion, the government identifies five categories of documents that it will seek to introduce at trial: (1) business records, including e-mail communications maintained by commercial e-mail providers; (2) government records regarding border crossings ("TECS" records); (3) records maintained by the United States Department of Treasury relating to FBAR records (or documents indicating the absence of records); (4) visa records maintained by the United States Department of State; and (5) portions of the Federal Register.  Dr. Shih will respond to the government's arguments for each of these categories in the order set forth by the government in its motion.

[2] As a condition of continuing the January 2019 trial date, the defense asked the Court to order the government to produce its preliminary exhibit list by January 17, 2019 so that this work can be done.  Although the Court entered the requested order, the government did not comply.  Instead, the government

1

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1    There is no support for the government's argument for blanket admission

2    of authentic e-mail, and the government cites no case in support of that sweeping

3    proposition.  Controlling Ninth Circuit law is to the contrary, and all exhibits that

4    are the subject to the motion are also subject to objections for hearsay, relevance,

5    and undue prejudice.[3]  There are also admissibility issues with respect to other

6    classes of documents that are the subject of the motion, as set forth in detail

7    below, and the motion should separately be denied on those bases.  When the

8    government identifies which of the documents at issue in the motion that it will

9    seek to introduce at trial, the Court and the defense will then be in a position to

10   evaluate each proposed exhibit to evaluate admissibility and objections.

## II.    ANALYSIS

### A.    Business Records

In its motion, the government indicates that it intends to seek the

introduction of two categories of documents it refers to as "business records" –

(1) e-mail communications from commercial e-mail providers such as Google,

Yahoo, and Microsoft, totaling over 1.3 million pages, and (2) records from

various shipping companies, totaling 600-plus pages.  (Motion at 1-4.)  The

---

produced an unnumbered list of document by descriptions authored by the government without any Bates-numbers for the defense to use to examine the documents. The exhibit list originally produced that was meaningless to the defense, and the defense filed a status report and spent approximately six weeks trying to identify the underlying documents described on the government's list. The government ultimately provided Bates-numbers for most documents, but the delay prevented the defense from evaluating the documents at a time when admissibility issues could be resolved in advance of trial and the goals of early production were defeated.  The defense is now allocating its resources to the other pre-trial obligations ordered by the Court, including motions practice and the jury questionnaire that were ordered by the Court.  The defense will turn again to admissibility issues in advance of trial, and it would significantly help the meet and confer process if the Court were to order the government to produce its final exhibit books to the defense by April 12, 2019.  If the government claims that it is unable to meet that deadline, then pretrial stipulations regarding the admissibility of exhibits will be severely hampered.

[3] Dr. Shih hereby reserves all objections to the government's proposed exhibits under Rules 401, 402, and 403, and any other applicable rule of evidence.

2

Spertus, Landes & Umhofer, LLP
1990 South Bundy Dr., Suite 705
Los Angeles, CA 90025
Telephone 310-826-4700; Facsimile 310-826-4711

1   government has not identified which of these records it will seek to introduce,

2   and the Court should defer any rulings on admissibility until it does so. And

3   although it appears that the shipping records may properly be considered

4   business records under Federal Rule of Evidence 803(6), the e-mail

5   communications are not business records. To the contrary, e-mail

6   communications do not fall under the business records exception, even though

7   they may be accompanied by a Rule 902(11) certification. *United States v.*

8   *Bellucci*, 995 F.2d 157, 160 (9th Cir. 1993) ("The proponent of a writing at trial

9   must overcome authentication, best evidence, and hearsay objections, however,

10  the fact that a document may be self-authenticating does not render it admissible

11  if it is hearsay in the absence of a recognized exception to the rule against

12  hearsay.").

13      For a record to qualify under the business records exception, the

14  propounding party must show that: (A) "the record was made at or near the time

15  by – or from information transmitted by – someone with knowledge;" (B) "the

16  record was kept in the course of a regularly conducted activity of a business,

17  organization, occupation, or calling, whether or not for profit;" and (C) "making

18  the record was a regular practice of that activity." Fed. R. Evid. 803(6)(A)-(C).

19      The Ninth Circuit has squarely held that e-mail communications are not

20  "business records" under Rule 803(6). *Monotype Corp. PLC v. Int'l Typeface*

21  *Corp.*, 43 F.3d 443, 450 (9th Cir. 1994) (holding that district court "properly

22  excluded" an e-mail under Rule 803(6), as it is "an ongoing electronic message

23  and retrieval system" rather than "a regular systematic function . . . prepared in

24  the course of business."); *see also Arthur v. Gallagher Bassett Servs., Inc.*,

25  CV09-4882-SVW, 2010 WL 11596468, *6 (C.D. Cal. June 1, 2010) (refusing to

26  admit e-mail communications under Rule 803(6)); *Ira Green, Inc. v. Military*

27  *Sales & Service Co.*, 775 F.3d 12, 20 (1st Cir. 2014) (e-mail improperly admitted

28  under Rule 803(6)). As the Fourth Circuit has explained,

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1
2
3
4

> While properly authenticated e-mails may be admitted into evidence under the business records exception, it would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then *ergo* all those e-mails are business records falling within the ambit of Rule 803(6)(B). 'An e-mail created within a business entity does not, for that reason alone, satisfy the business records exception of the hearsay rule.'

*United States v. Cone*, 714 F.3d 197, 220 (4th Cir. 2014) (quoting *Morisseau v. DLA Piper*, 532 F.Supp.2d 595, 621 n.3 (S.D.N.Y. 2008)).

Although an email could possibly also be a business record, the Court must evaluate each e-mail to see whether it satisfies the requirements of Rule 803(6). "[T]here is no across-the-board rule that all emails are admissible as business records." *In re Oil Spill by the Oil Rig DEEPWATER HORIZON*, No. MDL-2179, 2012 WL 85447, *2 (E.D. La. Jan. 11, 2012). Specifically, each e-mail must satisfy the following requirements:

- The e-mail must have been sent or received at or near the time of the events recorded in the e-mail.

- The e-mail must have been sent by someone with knowledge of the event(s) documented in the e-mail.

- "The email must have been sent or received in the course of a regular business activity . . . which requires a case-by-case analysis of whether the producing defendant had a policy or imposed a business duty on its employee to report or record the information within the email."

- It "must be the producing defendant's regular practice to send or receive emails that record the type of event(s) documented in the email."

- A custodian or qualified witness must attest that these conditions have been fulfilled.

*Id.* at *5. "[T]he business records exception does not excuse hearsay unless the *declarant's statement* qualifies as a business record." *Id.* (citing *United States v. Ismoila*, 100 F.3d 380, 392 (5th Cir. 1996) (emphasis in original). *See also United States v. Heine*, No. CR15-238-SI, 2017 WL 4423408, *6-7 (D. Or. Oct.

4

OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 3

5, 2017) (adopting *Deepwater Horizon* standard); *In re Lyondell Chemical Co.*, No. 09-10023-GCM, 2016 WL 6105826, *2 (S.D.N.Y. Oct. 19, 2016); *Roberts Technology Group, Inc. v. Curwood, Inc.*, No. CV14-5677, 2016 WL 2889166, *2 (E.D. Pa. May 17, 2016); *Candy Craft Creations, LLC v. Gartner*, No. CV12-91, 2015 WL 6680883, *2-3 (S.D. Ga. Nov. 2, 2015); *Hampson v. State Farm Mut. Ins. Co.*, No. CV12-258, 2015 WL 12733388, *7-8 (N.D.N.Y. Oct. 22, 2015).

The problem of qualifying an e-mail as a business record is compounded when the government seeks to introduce records from a third-party e-mail provider, as it does here. The records are not certified by a person "with knowledge" of the records, and courts have rejected such efforts that make an end-run around the requirements of Rule 803(6) by introducing e-mail sent through commercial e-mail providers, such as Google. The contents of each e-mail "are not Google's business records, as that term is defined under Rule 803(6), because they fail the 'knowledge' requirement." *United States v. Shah*, 125 F.Supp.3d 570, 575 (E.D.N.C. 2015) (citing *Cone*, 714 F.3d at 219). This is because none of the individuals making the statements contained in the e-mail "were under a 'business duty' to convey accurate information in their correspondence." *Id.* As result, the court found that e-mail does not satisfy the mandates of Rule 803(6):

> Because the proffered 'finished product' is not the collective effort of 'business insiders,' who share a duty to ensure the accuracy of their statements, the court cannot allow those statements to be authenticated on the theory that they are Google's self-proving business records under Federal Rules of Evidence 803(6) and 902(11).

*Id.* To admit such records without a business records foundation "would unhinge the business record exception from its theoretical underpinnings of accuracy, continuity, and regularity. *Id.* For such e-mail communications to be admitted,

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

5

1   the government "must . . . demonstrat[e] that the content falls into some other

2   exception to or exclusion from the hearsay rule." *Id.* at 576.

3          Contrary to the government's assertions, e-mail communications are not

4   business records and do not fall under the ambit of Rule 803(6).  If the

5   government seeks to introduce particular e-mail communications at trial, it must

6   (1) identify the communications with specificity, and (2) lay a proper foundation

7   which does not involve a business records exception to the hearsay rule.

8          Similarly, with respect to the shipping records, the government must

9   identify which portions of the records it seeks to introduce at trial in order for the

10  Court to rule on the admissibility of the records.  To the extent that the records

11  (which are themselves hearsay) contain additional hearsay statements, any

12  hearsay-within-hearsay must similarly fall within a hearsay exception.  Fed. R.

13  Evid. 805; *see also Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1045 (9th

14  Cir.1999) (for hearsay-within-hearsay to be admissible, "each layer of hearsay

15  must satisfy an exception to the hearsay rule").

**B.     Certified TECS Records**

17         The government seeks to introduce certified government records relating

18  to border crossings ("TECS" records) under Rule 803(8), which is the public

19  records exception.  (Mot. at 4-5.)  Again, although the government identified

20  these records as a class, it has not identified which of these documents it wishes

21  to introduce, which is required before the Court can evaluate whether they are

22  admissible.  The records may be admissible under Rule 803(8), but the specific

23  records must be identified before that determination can be made, and any

24  hearsay statements occurring within the documents must separately satisfy a

25  hearsay exception or exemption before the documents may be admitted.  *Sana*,

26  181 F.3d at 1045.

27

28

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

## C.    Certified U.S. Treasury Department Records

The government seeks to introduce U.S. Treasury Department records ("FinCEN" records) relating to the reporting of foreign bank accounts by Dr. Shih and his wife and daughters, positing that that they are admissible under Rule 803(8), the public records exception, and Rule 803(10), the exception relating to the absence of a public record.  (Mot. at 5-6.)

Putting aside the fact that records relating to Dr. Shih's family members may not be relevant to any issue pertaining to Dr. Shih, the introduction of these records without a custodian subject to cross-examination violates the Confrontation Clause.  *See United States v. Orozco-Acosta*, 607 F.3d 1156, 1161 (9th Cir. 2010) (government conceded that the admission of a certification of no records violated the right to confront); *United States v. Martinez-Rios*, 595 F.3d 581, 586 (5th Cir. 2010); *Gov't of Virgin Islands v. Gumbs*, 426 F.App'x 90, 93-94 (3d Cir. 2011); *United States v. Madarikan*, 356 F.App'x 532, 533 (2d Cir. 2009).  Moreover, the Department of Justice Criminal Tax Manual indicates that the introduction of records without a representative from the Internal Revenue Center presents Confrontation Clause issues.  DOJ Criminal Tax Manual § 10.05[4].[4]  Thus, certified FinCEN records will not be admissible at trial under Rules 803(8) or 803(10).

## D.    Certified U.S. State Department Records

The government seeks to introduce 300-plus pages of U.S. State Department records relating to three indicted co-defendants (Yaping Chen, Ye Yuan, Jieru Deng) and unnamed "others" under Rules 803(8) and 803(8).  (Mot. at 6.)  As with the other records, the Court should require the government to identify with specificity the records it is planning to introduce before the Court

---

[4]  The defense will meet and confer with the government to see if an appropriate stipulation may be reached with respect to the FinCEN records relevant to Dr. Shih.

7

rules on the government's request (including the identity of the unnamed others). Regardless, there is no Ninth Circuit authority for the ruling requested by the government, and the government has not cited to any such authority. The appellate decisions from other circuits relied upon by the government are easily distinguishable because they deal with documents other than visa records, or involve cases where the relevant agent actually testified. *See Bridgeway Corp. v. Citibank*, 201 F.3d 134, 142-44 (2d Cir. 2000) (Department of State country reports); *United States v. Chkuaseli*, 732 F.App'x 747, 758 (11th Cir. 2018) (agent testified regarding via forms). It is simply improper for the government to seek a pretrial ruling on the admissibility of unidentified 300-plus pages of U.S. State Department records without a testifying witness.

**E.    Federal Register**

The government seeks permission to introduce another 300-plus page compilation from the Federal Register. Although the government asserts that publications in the Federal Register are "admissible as public documents," there is no support for that assertion. (Mot. at 6.) The Federal Register is not a compilation of laws and regulations, such as the Code of Federal Regulations. CFRs are admissible public records, but entries in the Federal Register are not because the Federal Register is not a compilation of laws and regulations. On the contrary, the Federal Register consists of proposed rules, meeting notices, and similar entries, and there is no basis for the admissibility of such documents. Further, even if there were a theory of admissibility for Federal Register entries, the admissibility of such entries would be subject to all of the other rules of evidence, such as Rules 401, 402, 403, and 802. *Bellucci*, 995 F.2d at 160. The Court cannot evaluate admissibility issues without knowing precisely what items to which the government is referring.

//

//

OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 3

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1

## III.    CONCLUSION

2        For the foregoing reasons, Dr. Shih respectfully requests that the Court

3  deny the government's motion to the extent that it seeks pretrial rulings on the

4  admissibility of evidence not before the Court.  Once the government identifies

5  its proposed exhibits with specificity, the Court can then rule on issues of

6  admissibility.

7

8  Dated:  March 14, 2019            SPERTUS, LANDES & UMHOFER, LLP

9

10                                      By:    /S James W. Spertus
                                              James W. Spertus
11                                            John Hanusz
                                              Christa L. Culver Wasserman
12

13                                            Attorneys for Yi-Chi Shih, Ph.D.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 3

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711