1  SPERTUS, LANDES & UMHOFER, LLP
   James W. Spertus (SBN 159825)
2  John Hanusz (SBN 277367)
   Christa L. Culver Wasserman (SBN 289128)
3  1990 South Bundy Drive, Suite 705
   Los Angeles, California 90025
4  Telephone: (310) 826-4700
   Facsimile: (310) 826-4711
5  jspertus@spertuslaw.com
   jhanusz@spertuslaw.com
6  cwasserman@spertuslaw.com

7  Attorneys for Defendant
   YI-CHI SHIH, PH.D.
8
9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                 WESTERN DIVISION

12
13  UNITED STATES OF AMERICA,          Case No. CR 18-00050-JAK

14                    Plaintiff,       **RESPONSE IN OPPOSITION
                                       TO GOVERNMENT MOTION
                                       IN LIMINE NO. 6 FOR
15         v.                          PRETRIAL DETERMINATION
                                       REGARDING THE
16  YI-CHI SHIH, PH.D.,                ADMISSIBILITY OF
    ISHIANG SHIH, PH.D., and           DOCUMENTS (Dkt. No. 311)**
17  KIET MAI,

18                    Defendants.

19
20
21
22
23
24
25
26
27
28

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

**RESPONSE IN OPPOSITION TO MOTION IN LIMINE NO. 6**

## I.    INTRODUCTION

The government seeks a pretrial ruling on the admissibility of (1) uncertified bank statements allegedly found on Dr. Shih's computer, and (2) uncertified bank statements provided by Judy Chen, one of the government's trial witnesses.  Contrary to the government's assertions, the documents are not adoptive admissions and do not satisfy the requirements of the residual hearsay exception.  Although the government claims that the financial institutions at issue (both of which are based in the United Kingdom and have branches in the United States) are beyond its subpoena power, the government provides no support for that claim and has not detailed any effort taken to subpoena the records from the institutions.  The Court should reject the government's efforts to make an end-run around the applicable evidentiary rules and deny the motion in its entirety.

## II.    ANALYSIS

**A.    The Bank Records Are Not Adoptive Admissions**

The government argues that the bank records allegedly retrieved from Dr. Shih's computer are adoptive admissions under Federal Rule of Evidence 801(d)(2)(B).  (Motion at 5-7.)  The rule allows for the admission of a statement that a party "manifested or it adopted or believed to be true."  Fed. R. Evid. 801(d)(2)(B).  Mere possession of a document, however, does not suffice to admit documents under this rule.  *United States v. Ordonez*, 737 F.2d 793, 800-01 (9th Cir. 1983) (holding that ledgers on premises used in drug trafficking near point of arrest were not shown to have been adopted).  Although Rule 801 may be used to admit records as adoptive admissions where other corroborative facts are present, those facts are not present here.  Moreover, the cases cited by the government do not support the application of this rule in this case.

In *United States v. Carrillo*, the Ninth Circuit upheld the admission of documents relating to a drug transaction found on the defendant's person under Rule 801(d)(2)(B).  16 F.3d 1046 (9th Cir. 1994).  Central to the court's analysis, however, was the fact that the defendant had actually negotiated a drug deal consistent with the information found on the documents.  *Id.* at 1049 ("Benavidez manifested adoption of the statement . . . by possessing the slip of paper and negotiating sale prices and quantities for cocaine that were consistent with the figures on the slip of paper.").

Similarly, in *United States v. Ospina*, another case cited by the government, the document in question (also relating to a drug transaction) contained an address where drugs connected to the defendant were transferred. 739 F.3d 448 (9th Cir. 1984).  The court found the document admissible as an adoptive admission because the evidence demonstrated that the defendant "act[ed] on written instructions" and "the instructions [were] found in his possession." *Id.* at 451.

The facts here are easily distinguishable from the cases cited by the government.  First, although the government alleges that the records were found in a particular folder on a computer, the government cites no evidence that Dr. Shih placed these records in this folder or even knew of the existence of the records on the computer.  The government cites no case to support its novel theory that the mere existence of a document on a computer constitutes an adoptive admission.  Even assuming *arguendo* that Dr. Shih possessed the documents, it is clear that Rule 801 does not apply to mere possession.  Second, there is no evidence that Dr. Shih acted "on any written instructions" which would provide the corroboration needed for these records to qualify as adoptive admissions under *Carrillo* and *Ospina*.  As a result, the Court should find that the records do not qualify as adoptive admissions under Rule 801.

OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 6

**B.      The Residual Hearsay Exception Does Not Apply to the Bank Records**

Alternatively, the government argues that the bank records allegedly recovered from Dr. Shih's computer, as well as bank records provided to the government by Judy Chen, a government witness, are admissible under Rule 807, the residual hearsay exception.  (Mot. at 7-9.)  They are not.

The residual exception "is not to be used as a new and broad hearsay exception, but rather is to be used rarely and in exceptional circumstances." *United States v. Valdez-Soto*, 31 F.3d 1467, 1477 (9th Cir. 1994) (citation and quotation omitted) (refusing to admit evidence under the residual exception). The residual exception is "to be used only rarely, and in exceptional circumstances" and "appl[ies] only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present."  *United States v. Bailey*, 581 F.2d 341, 347 (3d Cir. 1978); *accord United States v. Turner*, 718 F.3d 226, 233 (3d Cir. 2013).  The evidence must be "more probative than any other evidence that the proponent can procure through reasonable efforts."  *United States v. Perlmutter*, 693 F.2d 1290, 1294 (9th Cir. 1982) (evidence improperly admitted under residual exception; "there is nothing in the record to indicate that through reasonable efforts the government could not procure more probative evidence"); *see also Demirchyan v. Gonzales*, No. CV08-3452-SVW, 2010 WL 3521784, *10-11 (C.D. Cal. Sept. 8, 2010) (evidence offered did not satisfy residual exception).

The government avers that it is "currently unable to provide certified copies of these same bank records, as the accounts in question are held with foreign financial institutions outside the subpoena power of the United States." (Mot. at 8.)  This is incorrect.  The financial institutions are based in the United Kingdom and have branches in the United States.  As such, they are undoubtedly within "the subpoena power of the United States."  In fact, in 2018, the Department of Justice reached a deferred prosecution with HSBC, one of the

Spertus, Landes & Unhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

3

financial institutions at issue here, and issued a press release trumpeting the

agreement.  Press Release, Department of Justice, HSBC Holdings Plc Agrees to

Pay More Than $100 Million to Resolve Fraud Charges (Jan. 18, 2018),

available at https://www.justice.gov/opa/pr/hsbc-holdings-plc-agrees-pay-more-

100-million-resolve-fraud-charges.  And Standard Chartered, the other bank at

issue, also entered a deferred prosecution agreement with the Department of

Justice for violating the International Emergency Economic Powers Act (the

same crime that the government has charged here) in 2012.  Press Release,

Department of Justice, Standard Chartered Bank Agrees to Forfeit $227 Million

for Illegal Transactions with Iran, Sudan, Libya, and Burma (Dec. 10. 2012),

available at https://www.justice.gov/opa/pr/standard-chartered-bank-agrees-

forfeit-227-million-illegal-transactions-iran-sudan-libya-and.  Standard Chartered

is also currently the subject of a federal government investigation into its

business practices.  Alun John & Sumjeet Chatterjee, *Standard Chartered Sets*

*Aside $900 Million to Cover U.S., British Fines*, Reuters, Feb. 20, 2019,

available at https://www.reuters.com/ article/us-stanchart-crime/standard-

chartered-sets-aside-900-million-to-cover-u-s-british-fines-idUSKCN1Q931A.

The government cannot simultaneously argue that these institutions are not

within the jurisdiction of the United States while at the same time investigating

(and reaching deferred prosecution agreements with) these institutions.  The

institutions are within the jurisdiction of the United States because they conduct

business here, and are therefore subject to the subpoena power of the United

States.  Most importantly, the government has provided no evidence of any kind

related to unsuccessful efforts to subpoena or otherwise obtain certified copies of

the records.  The residual hearsay exception simply does not exist as a tool of

convenience for the government to seek the admission of otherwise inadmissible

hearsay, and with "nothing in the record to indicate that through reasonable

efforts the government could not procure more probative evidence," the evidence

4

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

should not be admitted under the residual hearsay exception. *Perlmutter*, 693
F.2d at 1294. The government has offered no evidence to demonstrate that these
records are otherwise unavailable or that it could not procure more probative
evidence through reasonable efforts, and the residual hearsay exception is,
therefore, inapplicable here.

## III.    CONCLUSION

For the foregoing reasons, Dr. Shih respectfully requests that the Court
deny the government's motion to admit uncertified bank records because they are
neither adoptive admissions, nor do they qualify for admission under the residual
hearsay exception.

Dated: March 14, 2019           SPERTUS, LANDES & UMHOFER, LLP


                                By:    /S James W. Spertus
                                       James W. Spertus
                                       John Hanusz
                                       Christa L. Culver Wasserman

                                       Attorneys for Yi-Chi Shih, Ph.D.

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 6