SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
John Hanusz (SBN 277367)
Christa L. Culver Wasserman (SBN 289128)
1990 South Bundy Drive, Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
jspertus@spertuslaw.com
jhanusz@spertuslaw.com
cwasserman@spertuslaw.com

Attorneys for Defendant
YI-CHI SHIH, PH.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>        v.<br><br>YI-CHI SHIH, PH.D.,<br>ISHIANG SHIH, PH.D., and<br>KIET MAI,<br><br>              Defendants. | Case No. CR 18-00050-JAK<br><br>**JOINT STATUS REPORT RE FINAL PRETRIAL CONFERENCE** |

JOINT STATUS REPORT RE FINAL PRETRIAL CONFERENCE

# JOINT STATUS REPORT RE FINAL PRETRIAL CONFERENCE
## I.  DEFENSE POSITION

The defense is ready for trial. It has made all categorical objections to the government's objections it is able to make. Once the government produces the actual exhibits, the defense will be able to make specific, detailed objections to the exhibits. Once the government produces the actual exhibits, the Court will be able to rule on the admissibility of the exhibits. Until the government produces the actual exhibits, neither the defense nor the Court can offer its position on the admissibility of the exhibits.

It is clear that the government does not intend to provide copies of its exhibits prior to trial, despite the Court's repeated requests to do so. To the extent that there are some trial inefficiencies that could be avoided were the government to produce its exhibits prior to trial, the defense is prepared to deal quickly and decisively with these inefficiencies. The defense will do everything it can to reduce the burden on the Court and the jurors at trial.

At this point, the defense believes that the remaining issues to be addressed by the Court at the final pretrial conference are: (1) the statement of the case to be read to the venire prior to the jury-selection process, and (2) the pre- and mid-trial jury instructions.

Dr. Shih cannot financially afford another continuance. He cannot afford to continue to bear the significant data-hosting costs required in this case. It would be eminently unfair for the defense to have to litigate this case without access to the mountain of data that the government has disclosed—and continues to disclose—while the government is not subject to the same limitations.

Dr. Shih has lived under the cloud of federal charges since January 19, 2018. He was detained for two months after his arrest. His freedom has been severely curtailed since his release on bond. He is eager to clear his good name. Trial should proceed on May 7, 2019.

1
JOINT STATUS REPORT RE FINAL PRETRIAL CONFERENCE

## II.  GOVERNMENT'S POSITION

The government is not ready for trial due the late disclosure of discovery by the defense.  The defense produced to the government a 129-page Mandarin-language document that appears to be a doctoral thesis by co-defendant, co-conspirator Ye Yuan.  It appears, based on photographs, to be related to the U.S. Company B wafers that defendant and his co-conspirators caused to be unlawful exported from the United States to China   The government has contracted to obtain an English-language translation of this document with an expected completion date of mid-to-late May.  The government must also review and obtain expertise to understand the multiple patents the defense apparently seeks to reply upon at trial.  Absent a continuance, caused by defendant's late discovery production, the government will be prejudiced.

On April 18, 2019, the government provided to the defense another revised preliminary exhibit list.  This list, like others previously provided, was organized by the source of the documents, and included corresponding Bates numbers as well as a description of each exhibit including dates or other identifying features where available.  So that the parties may attempt to address evidentiary objections before trial, the government suggests the defense provide to the government its objections, if any, to each exhibit or category of exhibits.  For example:

1. Does the defense object to the accuracy of any translation on the exhibit list?

2. Does the defense object to the authenticity of any exhibit on the list? If so, which ones or what categories?

3. Does the defense object to any category of exhibits based of their source?

These are simply examples of information the defense could provide to help the parties narrow disputes about exhibits.  It would be most helpful if the

2
JOINT STATUS REPORT RE FINAL PRETRIAL CONFERENCE

defense would take the government's exhibit list, and note by each exhibit what objections, if any, the defense is making. The defense has stated that it has very few objections to the exhibits, so informing the government of those should be simple. Until the government knows what objections the defense has, it cannot evaluate them.

The lack of exhibit numbers on the government's exhibit list should not present an obstacle to this process. Those numbers are purely arbitrary and will be assigned when the list is finalized. The government has not, as defense has suggested, deleted the exhibit numbers on the lists it has provided to the defense. To the extent the defense wants to avoid duplication of exhibits, the defense knows from the Bates numbers what exhibits are on the government's list.

While the government has not provided physical copies of the exhibits to the defense, the defense surely has access to them, and likely has already prepared these. The government produced most of the discovery in a format that the defense could load onto a platform, where it could view and re-produce copies. So the defense is likely capable of informing the government of its objections.

With respect to the parties' dispute about the introduction of the Federal Register publications, the Court's guidance regarding specific words was very helpful. The government made those redactions on the Federal Register publications and has filed those redacted copies with the Court.

3
JOINT STATUS REPORT RE FINAL PRETRIAL CONFERENCE